JANINE M. JOHNSON v. DAVID A. JOHNSON

No. 7410DC1049

(Filed 16 April 1975)

**Divorce and Alimony § 21— deed of trust to secure temporary alimony payments — right of wife to foreclosure sale proceeds**

> A court order requiring defendant to secure the payment of temporary alimony by means of a deed of trust did not give to plaintiff a fixed or permanent interest as *cestui que trust* or any right to the entire proceeds of a foreclosure sale under the deed of trust; therefore, it was not error for the trial court to direct that part of the foreclosure sale proceeds pay a fee to defendant's attorney and part pay a judgment lien.

APPEAL by plaintiff from *Winborne, Judge.* Judgment entered 23 August 1974 in District Court, WAKE County. Heard in the Court of Appeals 20 February 1975.

The subject of this appeal arises out of a court ordered disposition of proceeds following a foreclosure sale. In an order dated 29 January 1968, the Wake County Superior Court, upon motion of the plaintiff, ordered the defendant to execute a deed of trust to Blanchard as Trustee for the plaintiff on two parcels of land in Wake County, the purpose being to secure defendant's compliance with court orders relating *inter alia* to alimony *pendente lite.* A deed of trust was so executed on 26 February 1970. On 22 February 1972, an order was filed awarding the plaintiff permanent alimony, an absolute divorce having been granted in 1971, and no reference was made to the deed of trust.

On 1 June 1973, Judge Winborne filed an order pursuant to plaintiff's motion seeking arrearages in alimony and tax payments which the defendant had caused by his failure to abide by prior orders of the court. In this order, the trustee under the deed of trust was directed to proceed with foreclosure on one of the two parcels of land and " . . . to pay the Clerk of Court the amounts by which defendant had been adjudged indebted to plaintiff by prior orders of the Court, and to retain any balance of such proceeds pending further orders of the Court; . . . " It was further ordered that " . . . from the proceeds of the sale . . . (which sale will be subject to a first and prior deed of trust . . . and also be subject to any prior liens, assessments, unpaid taxes and encumbrances), the Trustee distribute $5,444.79 to plaintiff in payment of the arrearages found and computed . . . and $700.00 to plaintiff's attorneys as a reasonable fee for services rendered to date to plaintiff."

Then on 28 August 1974, after the sale had been completed and the proceeds paid into the Clerk of Court, Judge Winborne directed the Clerk to pay $9,600.00 in alimony arrearages to Janine Johnson, a fee to her attorney, and tax liens. It was also ordered that the Clerk pay $6,516.05 to defendant's attorney for his services from 27 August 1970 through 19 July 1974, $4,000.00 to satisfy a judgment, half of the remainder to a trustee for plaintiff to secure future alimony payments, and the other half to the defendant. Plaintiff excepted to the provision in the order for payment of the fee to defendant's attorney and for payment of the judgment lien.

*Deborah G. Mailman for the plaintiff.*

*Boyce, Mitchell, Burns & Smith by Eugene Boyce for the defendant.*

CLARK, Judge.

In the original order of the superior court in 1968, it was expressly avowed that the purpose for the execution of the deed of trust was to secure, *inter alia,* alimony *pendente lite* payments. When the district court in June 1973 ordered foreclosure on one of the two parcels secured by the deed of trust, it did so with the express purpose of computing " . . . *arrearages* which defendant [had] caused . . . " by his failure to abide by the orders of the court. [Our emphasis.]

The court, in its order of 28 August 1974, computed these arrearages through August 1974, which arrearages obviously included amounts for permanent alimony. However, the defendant did not contest the payment of a part of the foreclosure proceeds to the plaintiff for permanent alimony arrearages on the grounds that the order awarding permanent alimony did not refer to the deed of trust as security for payments.

G.S. 50-16.7 provides that "The court may require the supporting spouse to secure the payment of alimony or alimony pendente lite so ordered by means of a . . . deed of trust . . . . " and G.S. 50-16.9 provides that "An order . . . may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . . "

The court order requiring the defendant to secure the payment of temporary alimony by means of the deed of trust did not give to the plaintiff a fixed or permanent interest as *cestui que trust,* or any right to the entire proceeds of the foreclosure sale under the deed of trust; the orders simply provided a means of securing payment of alimony, and the court was not required to find a change of circumstances as a basis for ordering the payment of a part of the proceeds of foreclosure sale to satisfy a judgment lien against defendant or to pay the fee of defendant's attorney.

It is noted that the plaintiff made no objection to that portion of the order which divided equally the residuary proceeds between the defendant and the trustee for the plaintiff as security for future alimony payments. Nor did the defendant make any objection to any of the provisions of the order.

The order of the district court is

Affirmed.

Judges PARKER and HEDRICK concur.